# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD ALLEN WRIGHT, | Civil No. 3:25-cv-275 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN J. GREENE, | |
| Respondent | |

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by Ronald Allen Wright ("Wright"), an inmate confined at the Federal Correctional Institution, Allenwood-Low, in White Deer, Pennsylvania. The Court has conducted preliminary review and, for the reasons set forth below, has concluded that dismissal of the petition is warranted. *See* R. GOVERNING § 2254 CASES R. 4, 1(b).[1]

## I.    Background

Following a jury trial in the United States District Court for the District of South Carolina, Wright was convicted of conspiring to commit mail and wire fraud, in violation of 18 U.S.C. § 1349, and filing a false tax return, in violation of 26 U.S.C. § 7206(1). (*See*

---

[1] *See* R. GOVERNING § 2254 CASES R. 4, which provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. *Id.* at R. 1(b).

Doc. 1-4, at 3; see also *United States v. Wright*, No. 3:18-cr-78 (D.S.C.)). The district court sentenced Wright to 120 months' imprisonment. (*Id.*).

In the habeas petition, Wright claims that he is "no longer a U.S. citizen." (Doc. 1, at 1). He further claims that, as an expatriate, he is "no longer under any color of law." (*Id.*). For these reasons, Wright seeks immediate release from custody. (*Id.*).

## II.   Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 45, 494 (1973). "Habeas relief is clearly quite limited: "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)).

Wright appears to contend that the Court lacks jurisdiction over him based on a sovereign citizen theory. (Doc. 1). Such sovereign citizen arguments have been widely rejected as frivolous by federal and state courts. *See, e.g., United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that

person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."); *Clifford v. Petrillo*, 823 F. App'x 67, 67 n.1 (3d Cir. 2020) (*per curiam*) (citing *Benabe* with approval); *Anderson v. Commonwealth*, 276 A.3d 264, 2022 WL 909613, at *1 & n.2 (Pa. Super. Ct. 2022) (unpublished table decision) (rejecting sovereign citizen straw man argument as frivolous); *Commonwealth v. McGarry*, 172 A.3d 60, 65–66 (Pa. Super. Ct. 2017) (rejecting sovereign citizen jurisdictional argument as frivolous). Wright's claims are based on a frivolous legal theory—that he is his own sovereign, and the United States has no jurisdiction over him. Summary dismissal is appropriate because the habeas petition is frivolous and obviously lacking in merit, and "it plainly appears from the petition and [the] attached exhibits that the petitioner is not entitled to relief in the district court." R. GOVERNING § 2254 CASES R. 4.

## III. Conclusion

For the reasons set forth above, the Court will dismiss the § 2241 petition for writ of habeas corpus. (Doc. 1). A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: March 5, 2025